IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAREN BRITTON EVANS                                                                                PLAINTIFF

vs.                                            Civil No. 4:13-cv-04042

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Karen Britton Evans ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her DIB application on September 14, 2010. (Tr. 20, 111-114). In her application, Plaintiff claims to be disabled due to the following: nerve damage, a spinal cord injury at C-4 to C-6, adrenal fatigue, hypertension, carpal tunnel syndrom in both hands, fibromyalgia, degenerative disc disease, and muscle spasms. (Tr. 150). In her application, Plaintiff alleged an onset date of March 10, 2010. (Tr. 20). This application was denied initially and again

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

1

upon reconsideration. (Tr. 57-58). Thereafter, on March 16, 2011, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 67-74).

Plaintiff's administrative hearing was held on May 9, 2011 in Texarkana, Arkansas. (Tr. 34-56). Plaintiff was present at this hearing and was represented by counsel, Mr. Wayne Young. *Id.* Plaintiff and Vocational Expert ("VE") Julia Crume testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 37-38).

On October 5, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 17-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 10, 2010, her alleged onset date. (Tr. 22, Finding 2). The ALJ determined Plaintiff has the following severe impairments: carpal tunnel syndrome, osteoarthritis, degenerative back disease, neck pain, and back pain. (Tr. 22, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 23-28, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a wide range of light work. *Id.* Specifically, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

2

> CFR 404.1567(b) except no more than occasional reaching overhead or frequent use of the hands.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff retained the capacity to perform her PRW. (Tr. 28, Finding 6).  The ALJ relied upon the testimony of the VE in making that determination.  *Id.*  Specifically, based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform her PRW as an office manager (light, semi-skilled) and legal secretary (sedentary, skilled).  *Id.*  Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from March 10, 2010 through the date of his decision or through October 5, 2011.  (Tr. 29, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 14-15).  On February 22, 2013, the Appeals Council declined to review the ALJ's unfavorable decision.  (Tr. 1-3).  Thereafter, on April 22, 2013, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on May 2, 2013.  ECF No. 5. Both Parties have filed appeal briefs.  ECF Nos. 8, 10.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ improperly found she retained the capacity to perform the full range of light work; (2) the ALJ erred in his RFC assessment by failing "to include the required function by function assessment"; (3) the ALJ should "either have ordered a consultative examination" or "called upon a medical expert to fully develop the record"; and (4) the ALJ's decision should be reversed because the ALJ erred in rejecting her subjective complaints of pain. ECF No. 8 at 1-20. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 23-28). Indeed, in this case, the ALJ did what was specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon the medical evidence alone. *Id.* Notably, the ALJ made the following determination in assessing Plaintiff's subjective complaints:

> In sum, the above residual functional capacity assessment is supported by the state agency medical consultants' opinion; the objective medical evidence of record as a whole and lack thereof; the claimant's alleged symptoms and limitations are not congruent with those reported during doctor's visits; the claimant's alleged knee

6

> pain, swelling, and need to sit or lie down is inconsistent with her ability to walk ½ of a mile every day in June 2010; and the claimant's side effects alleged at the hearing are not documented within the treatment notes.

(Tr. 28).

Upon review, apart from the ALJ's reference to Plaintiff's medical records, the only other inconsistencies he provided are the following: (1) "the claimant's alleged symptoms and limitations are not congruent with those reported during doctor's visits" and (2) her claims are "inconsistent with her ability to walk ½ of a mile every day in June 2010." (Tr. 28). However, the ALJ does not explain how her "alleged symptoms and limitations are not congruent with those reported during doctor's visits." *Id.* Further, while Plaintiff did report in June of 2010 that she was walking ½ mile every day to her husband's family's house, there was no indication at what pace she was able to walk, the length of time it took her to walk that distance, or if she required frequent breaks. (Tr. 219).

These two stated "inconsistencies" do not provide a sufficient basis for discounting Plaintiff's subjective complaints. Indeed, upon review of these findings, it appears the ALJ's only true reason for discounting Plaintiff's subjective complaints was that those complaints were not supported by the objective medical records. As the ALJ emphasized in his opinion, "The *objective medical evidence of record* does not support the extent and severity of the claimant's alleged pain and physical limitations. . . ." (Tr. 25) (emphasis added). Accordingly, because the ALJ did not comply with *Polaski*, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of June 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.